**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DIANE P. CLEM-ADAMS,

    Plaintiff,

v.                                                                                  Case No. 05-74116

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT" AND DENYING PLAINTIFF'S "MOTION FOR SUMMARY JUDGMENT"**

On November 20, 2006, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R&R") recommending that this court deny Plaintiff Diane Clem-Adams's motion for summary judgment and grant Defendant Commissioner of Social Security's motion for summary judgment.  On December 10, 2006, Plaintiff filed timely objections.  On December 27, 2006, Defendant filed a response to Plaintiff's objections.  Having reviewed the briefs, the court concludes that a hearing is unnecessary.  See E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will deny Plaintiff's objections, adopt the R&R, grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## I. STANDARD

### A. Substantial Evidence

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence.  When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's findings if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."). Therefore, if the court finds that there was substantial evidence in the record, the denial of disability benefits will be upheld.

In addition, the court will not "resolve conflicting evidence or examine the credibility of the claimant's testimony." *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987) (per curiam). The district court gives great deference to the finding of the ALJ regarding the credibility of the applicant because the ALJ is charged with the duty of observing a witness's demeanor and credibility and has the opportunity to do so; "[i]t is not the province of the district court to try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Ridge v. Barnhart,* 232 F.Supp.2d 775, 790 (N.D. Ohio 2002) (quotation omitted).

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) (where objection was to

3

entirety of report and recommendation, "i[l]t is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

Plaintiff lists two objections on the first page of her pleading, but addresses only the second in her argument.  (Pl.'s Obj. at ¶ 1) The objection that the court will consider, therefore, is whether the R&R should have concluded the ALJ's finding that Plaintiff lacks credibility was unsupported by the evidence.[1]  Plaintiff claims that the information

---

[1] Plaintiff's objection is longer, but materially indistinguishable from that filed in *Howard.*  Not only is the subject of the objection the entirety of the magistrate judge's report, no mention is made of the extensive history, analysis and commentary the magistrate judge provided to the court.  Plaintiff in actuality ignores the work of the magistrate and takes aim only at the ALJ, two levels below.  The court frankly doubts

4

that the ALJ relied on was "outdated and irrelevant". (*Id.* at ¶ 2.) However, she lacks any objective medical evidence to give weight to her argument. The ALJ found her testimony in conflict with the objective medical evidence regarding the amount of weight she can lift, the severity of pain in her neck, her ability to perform daily tasks, and her alleged arthritis condition.

    Plaintiff tries to explain away the discrepancies between the objective medical evidence and her testimony at trial. Plaintiff first takes issue with how the ALJ stressed her contradictory statements regarding the amount of weight she can lift. (Pl.'s Obj. at 6.) Second, she tries to explain the issue regarding the level of pain she experiences in her neck and arms. (*Id.* at 6-7.) Third, she addresses the discrepancies in the record regarding the type of daily activities she is able to perform, and she states that her claims of arthritis should have been accepted despite the lack of medical evidence. (*Id.* at 7-9.)

    The first inconsistency is Plaintiff's statement during the hearing that she is able to lift only two pounds "comfortably" whereas her evaluation in the record states that she was able to lift fourteen pounds. In an effort to bolster her credibility, Plaintiff refers to the Functional Capacity Evaluation performed by Rosalie Bellinger to negate any inconsistencies regarding her level of strength. (*Id.* at ¶ 6.) Plaintiff relies on the written statement from Bellinger that stated Plaintiff gave relatively reliable efforts and did not engage in efforts that were "less than true." (*Id.*) However, this is exactly the medical evidence that contradicts Plaintiff's claim that she is only able to lift two pounds. As a

---

that the purposes of the Magistrate Judges Act are well served by receiving and giving full review to objections such as these.

5

part of this evaluation, Bellinger stated that Plaintiff was able to lift fourteen pounds up to one third of the eight-hour work day.  (Tr. 200.)  With regard to the claim that the ALJ "ignored" a statement by Bellinger that reflected well on Plaintiff's credibility, the evaluation also stated that Plaintiff was putting forth "sub maximal" efforts due to high levels of pain.  (Tr. 201.)  The Plaintiff reported pain of 10/10 when she arrived at the clinic and 9.5/10 just before the evaluation began.  (Tr. 200-201.)  According to Bellinger's statement, Plaintiff did not want to postpone the evaluation because she was in that much pain everyday.   (Tr. 200.)  While there were eighteen months between the evaluation and the hearing, there is no medical evidence to suggest that Plaintiff's condition worsened.  There was, at least, substantial evidence allowing the ALJ to conclude that Plaintiff was not fully credible in her testimony that she could lift only two pounds comfortably.

There is medical evidence that supports the ALJ's finding that Plaintiff was less than fully credible in her testimony rating her neck pain level.  In the final evaluation from Plaintiff's physical therapist to Dr. Ferro, dated January 7, 2004, the therapist stated that Plaintiff made "significant gains with her physical therapy" and attained all of her short term goals.  (Tr. 189.)  However, Plaintiff was discharged for her non-compliance with the physical therapy sessions.  (*Id.*)  The final evaluation also mentioned that she reduced perceived cervical pain intensity from 9/10 to a 5/10.  (*Id.*)  It also stated that Plaintiff still complained of difficulty lifting heavy objects but does not include a specific weight restriction.  (*Id.*)  Plaintiff did not present evidence or even allege that her condition worsened after she stopped the physical therapy treatment.  In

6

actuality, there is objective medical evidence which indicates that her pain level decreased as recently as January 7, 2004.

It is also interesting that, although Plaintiff's counsel asserts that the ALJ should have known that pain levels can easily change from day to day, Pl.'s Obj. at ¶ 7, Plaintiff herself testified at the hearing that her pain is "constant." (Tr. 268.) Although there is certainly medical evidence that Plaintiff suffers from cervical pain, there is no evidence that it worsened during the eleven months between the last evaluation and the hearing.

The third issue addressed in Plaintiff's objections was that the ALJ incorrectly evaluated Plaintiff's ability to perform general daily activities. (Pl.'s Obj. at ¶ 7.) In Plaintiff's June 2002 Disability Report, she stated she is able to do dusting, child care, cooking, mopping, and washing dishes. (Tr. 117.) To support her assertion that her condition deteriorated over time, Plaintiff refers to an undated request for reconsideration after her first application for disability was denied on October 4, 2002. This statement, filled out by Plaintiff, stated that she can no longer perform chores due to loss of strength in her left hand. (Tr. 98.) She stated in this form that her strength decreased from sixteen pounds to twelve. There is some indication in the Functional Capacity Evaluation that the strength in her left hand decreased even further. (Tr. 205.) However, this evaluation was conducted on May 27, 2003 and on that same day Dr. Ferro filled out an evaluation form that stated Plaintiff does not require assistance with household services.[2] (Tr. 132.) In addition to being able to perform these household

---

[2]On the evaluation form Dr. Ferro marked on the list that Plaintiff is still able to sweep, dust, do laundry, cook, clean dishes, clean the bathroom, care for children under five, wash windows, take out garbage and perform other tasks.

7

chores, Plaintiff testified that she attended her nephew's hockey games and her daughter's basketball games. (Tr. 27.)

Lastly, Plaintiff claims that she suffers from arthritis but concedes that there is no written medical evidence to support this claim. (Pl.'s Obj. at ¶ 8.) Without any objective medical evidence of this condition, it is unsubstantiated because "an individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" as defined by the statute. 42 U.S.C.A. §423(d)(5)(A). There are no complaints of arthritis pain in the record. As the Magistrate Judge noted, because Plaintiff bears the burden of proof and she has offered none to substantiate her arthritis claim, this claim also fails. *See e.g. Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995). Therefore, once again the ALJ's determination that Plaintiff was not credible in her claim must be upheld.

Although Plaintiff's objections did not directly address the extensive findings and evidence set forth by the magistrate judge, the court's independent review of the record reveals that substantial evidence supported the ALJ's conclusions regarding Plaintiff's credibility. After further review of the record and the ALJ's determinations, the court concludes that the ALJ's determination was supported by substantial evidence and the court must therefore uphold the findings. *Brainard*, 889 F.2d at 681.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objection [Dkt. # 16] is DENIED and the Magistrate Judge's November 30, 2006 report and recommendation [Dkt. # 15] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's "Motion for Summary Judgment" [Dkt. # 14] is GRANTED and Plaintiff's "Motion for Summary Judgment" [Dkt. # 13] is DENIED.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated: January 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2007, by electronic and/or ordinary mail.

                    s/Lisa Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522